```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIE GUERRERA TOOKER, ABBESS FARM,
ABBOTTS VILLAGE, GUERRERA ESTATES,

                    Plaintiffs,

        -against-                           MEMORANDUM & ORDER
                                            10-CV-5631(JS)(ARL)
SALVATORE GUERRERA, QUEST VENTURES,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Marie Guerrera Tooker, pro se
                    3581 Middle Country Road
                    Calverton, NY 11933

For Defendants:     Ernest Ranalli, Esq.
                    742 Veterans Memorial Highway
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pro se Plaintiffs Marie Guerrera Tooker ("Tooker"), Abbess Farm, Abbotts Village and Guerrera Estates (collectively, "Plaintiffs") sued Tooker's father, Defendant Salvatore Guerrera ("Guerrera") and Defendant Quest Ventures (with Guerrera, "Defendants") in a case that apparently arises out of an alleged mortgage fraud. Pending before the Court is Defendants' unopposed motion for a more definite statement (Docket Entry 9). This motion is GRANTED.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(e), the Court may, in its discretion, order a more definite statement when the

Complaint is "so vague that the opposing party cannot reasonably be required to respond." Kuklachev v. Gelfman, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009). Requests for a more definite statement are generally disfavored, e.g., Fraije v. Clinton, No. 10-CV-0514, 2010 WL 5464802, at *2 (N.D.N.Y. Dec. 29, 2010), but they are appropriate where the Complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Kuklachev, 600 F. Supp. 2d at 456; (quoting Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001)). "[A] motion for a more definite statement is an appropriate mechanism to balance the Circuit's direction regarding the liberal reading of pro se pleadings and the needs of a respondent to address the merits of a claim." Fraije, 2010 WL 5464802, at *2 (citing Phillips v. Girdich, 408 F.3d 124, 128-29 (2d Cir. 2005)).

The Court agrees with Defendants that a more definite statement is required here. Federal Rule 8 and recent U.S. Supreme Court decisions only require that Plaintiffs plead a "short and plain statement of the claim" and facts sufficient to illustrate that the claim is plausible. FED. R. CIV. P. 8(a)(2); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). Plaintiffs' Complaint is a rambling diatribe replete with tangential accusations, including that local government officials harassed

Tooker's business (Compl. at 3-4); an attorney falsely notarized mortgage documents (id. at 4); one of Tooker's former attorneys is liable for malpractice (see id. at 5); and two judges obstructed justice (id. at 5). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with" the Federal Rules of Civil Procedure. Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

## CONCLUSION

Defendants' motion for a more definite statement (Docket Entry 9) is GRANTED. Plaintiffs' Complaint is DISMISSED with leave to re-plead. Within forty-five (45) days from the date of this Order, Plaintiffs may file an Amended Complaint that states their claims and explains more clearly how each Defendant allegedly wronged them.

Plaintiffs are also cautioned that only individuals may litigate pro se. Plaintiffs Abbess Farm, Abbotts Village and Guerrera Estates may not proceed without representation. If these Plaintiffs wish to remain in the case, an attorney or attorneys must file an appearance on their behalf within forty-five (45) days from the date of this Order.

3

The Clerk of the Court is directed to mail Plaintiffs copies of this Order.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

Dated:    September 6, 2011
           Central Islip, New York