```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIE GUERRERA TOOKER and ABESS FARM,

                Plaintiffs,

      -against-                              ORDER
                                             10-CV-5631(JS)(ARL)
SALVATORE GUERRERA, QUEST VENTURES,
DAVID DeROSA, DIRECTIONAL LENDING,
ISLAND PROPERTIES, KIMBERLY CINQUE,
DAVID REILLY and DOES 1-100,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:           Marie Guerrera Tooker, pro se
                         144 South Street
                         Manorville, NY 11949

For Defendants
Directional Lending:     Michael H. Resnikoff, Esq.
                         Windels Marx Lane & Mittendorf, LLP
                         156 West 56th Street
                         New York, NY 10019

Quest Ventures:          Richard Handler, Esq.
                         50 Broadway #1
                         Amityville, NY 11701

All Other Defendants:    No Appearances.
```

SEYBERT, District Judge:

Pro se Plaintiff Marie Guerrera Tooker applied for an Order to Show Cause and Temporary Restraining Order enjoining the foreclosure sale of a property at 112 Dayton Avenue, Manorville, New York 11949. The sale is currently scheduled for December 22, 2011. The Court heard oral argument on December

21, 2011 and, based on the following discussion, declines to issue a Temporary Restraining Order ("TRO").

The Court lacks jurisdiction to undo a state court's foreclosure order. The Rooker-Feldman doctrine prevents federal district courts from reviewing state court judgments in cases where "(1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff asks for review and rejection of the state court judgment; and (4) the state court judgment was rendered before the federal court proceeding was filed." Garvin v. Bank of New York, 227 Fed. Appx. 7, 8 (2d Cir. 2007) (citing Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)). All four requirements are met here: a judgment of foreclosure and sale was entered by a state court on June 28, 2011; Plaintiff complains of injuries that she will suffer if her property is sold; Plaintiff contests the state court's order; and the state court's judgment was entered prior to Plaintiff's present application.[1] Accordingly, to the extent Plaintiff seeks to set aside the foreclosure order, this Court may not hear her case and thus declines to issue a Temporary Restraining Order.

---

[1] The present TRO application was filed on Docket No. 10-CV-5631, a case that stems from Plaintiff's unsuccessful application for an order enjoining the foreclosure of a different property. That application was not directed at the property or foreclosure order presently at issue, and for the purposes of the Rooker-Feldman analysis the Court treats the present application as the commencement of a new action.

Plaintiff filed an Amended Complaint simultaneously with her TRO application. On September 6, 2011, the Court dismissed Plaintiff's initial Complaint with leave to re-plead within forty-five days. Plaintiff apparently never received a copy of the Court's September 6 Order (see Docket Entry 11), and the Court will thus accept Plaintiff's Amended Complaint. Although the Court denies Plaintiff's TRO application, Plaintiff will be permitted to proceed with this case in the normal course.

## CONCLUSION

Plaintiff's application for a Temporary Restraining Order is DENIED. A copy of this Order was faxed to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  21 , 2011
       Central Islip, New York