```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIE GUERRERA TOOKER,

                Plaintiff,
                                              ORDER
        -against-                             No. 10-CV-5631 (JS)(ARL)

SALVATORE GUERRERA; QUEST VENTURES;
DAVID DeROSA; DIRECTIONAL LENDING;
ISLAND PROPERTIES; KIMBERLY CINQUE,

                Defendants.
----------------------------------------X
APPEARANCES
For Appellant:      Marie Guerrera Tooker, pro se
                    P.O. Box 1082
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Plaintiff Marie Guerrera Tooker ("Plaintiff") moves for an order compelling the New York State Comptroller, a non-party, to release monies she asserts are being unlawfully held (hereafter, the "Compel Motion"). (See ECF No. 58.) The Compel Motion is DENIED.

The Court assumes the parties' familiarity with the background of this case (and related others), which needs not be addressed to rule upon the instant Motion. See generally, e.g., Tooker v. Quest Ventures Ltd., et al., No. 17-CV-4589, 2018 WL 4783978 (E.D.N.Y. Sept. 30, 2018) (noting that because "ownership of Lot 29 was previously decided in a foreclosure proceeding before Judge Baisely—Quest Ventures, Ltd. v. Abbess Farm, Ltd., et al., Index No. 8935/2008 (the 'Foreclosure Action')—[Tooker] may not

re-litigate this issue in Quest's bankruptcy proceedings or before this Court"). For context purposes only, the Court states the following. In November 2015, in the Foreclosure Action, state Judge Paul J. Baisley, Jr., issued a Decision and Order regarding the determination of the proper allocation and disposition of rents collected by the receiver appointed by Judge Baisley in June 2012. See Foreclosure Action, Nov. 5, 2015 Decision & Order, attached to Compel Motion at ECF pp. 17-22 (hereafter, the "November 2015 Order").[1] Parcels of property in which Plaintiff had an interest through Abbess Farm, Ltd., were erroneously included in the property under the receiver's supervision. See id. at 1. As relevant here, Judge Baisley, having made that erroneous-inclusion determination, directed a proposed order be submitted to the state court ordering, inter alia, "disbursement by the Treasurer of Suffolk County of the net proceeds of the receivership in the amount of $32,857.57 together with accrued interest thereon to defendant Abbess Farm, Ltd." Id. at 6. For reasons unclear to this Court, the $32,000-plus referenced in the November 2015 Order was transferred from the Suffolk County Comptroller to the N.Y.S. Comptroller's Office. See Mar. 3, 2022 Letter from N.Y.S. Comptroller's Office to Marie Guerrera, aka Tooker, attached to Compel Motion at ECF pp. 23-24 (hereafter, the "State Comptroller

---

[1] Hereafter, when citing attached documents, the Court will use the relevant document's internal pagination.

Letter"). ("We have received as abandoned property an amount in excess of $32,000 in connection with the [Foreclosure Action]."); see also id. at 1 (indicating unclaimed funds received from Suffolk County Comptroller).

Here, Plaintiff contends that the Foreclosure Action "is still stayed" and the state court "is not hearing motions since 2019[.]" (Compel Motion ¶ 9.) Recognizing this case is stayed, Plaintiff states "if this court is entertaining lifting the say," that it "then . . . needs to make an order for the NYS [C]omptroller to release the money unlawfully held." (Id.) Not so.

First, this case currently remains stayed. Even if action upon the Compel Motion were warranted, unless and until Plaintiff moves to lift the stay, providing satisfactory proof that the bankruptcy stay is no longer in effect, the Court remains bound by said stay. See generally 11 U.S.C. § 362(a).

Second, and more fundamentally, in the State Comptroller Letter, Plaintiff was provided with specific instructions on what she needs to do to claim this money:

> Payment will be made to the entitled person(s) upon receipt of a court certified copy of an Order **of the court into which the funds represented by the above-captioned item were paid**. This Order must be obtained pursuant to Section 1406(2) of the Abandoned Property Law, as amended by Chapter 453 of the Laws of 2014, the Rules 2602 and 2607 of the Civil Practice Law and Rules, after service of notice upon the State Comptroller and upon due notice to all parties to the original action or

3

> proceeding which resulted in the monies being paid into court.  <u>This matter should be brought in the same name **as the original action** or proceeding</u>.

State Comptroller Letter at 1 (emphases added).  Plaintiff was further directed: "**You will have to bring a motion <u>in Supreme Court in order to continue</u>.**"  <u>Id.</u> (bold emphasis in original; underlined emphasis added).  Thus, as clearly stated, Plaintiff must make her request in the state court in the Foreclosure Action; this Court is neither the court into which the $32,000-plus was paid, nor is it the Suffolk County Supreme Court.[2]

Accordingly, finding no basis to grant the Compel Motion, **IT IS ORDERED** the Compel Motion (ECF No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   March 22, 2023  
         Central Islip, New York

---

[2] Moreover, assuming the bankruptcy stay were not in effect, the N.Y.S. Comptroller is not a party to this action, which is a purported civil rights action, and not the relevant Foreclosure Action.  (<u>See</u> Civil Cover Sheet, ECF No. 1-2.)  Relatedly, there is no indication that Plaintiff served the State Comptroller with a copy of her Compel Motion; thus, it is procedurally flawed.